# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY LEE CHILDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0439-HE |
| | ) | |
| DAVID MILLER, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se*, filed this suit pursuant to 42 U.S.C. § 1983, alleging violations of his federal and state constitutional rights while at the Lawton Correctional Facility ("LCF"). Plaintiff claims defendants (individual LCF personnel and medical staff) delayed refilling plaintiff's asthma medication prescription in retaliation for him filing grievances. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Robert E. Bacharach.[1]  Two reports and recommendations are presently before the court: (1) a recommendation that the court grant defendants' motion to dismiss/motion for summary judgment as to the state law claim but deny the motion as to the federal law claim, *see* Doc. #28; and (2) a recommendation that the court *sua sponte* dismiss plaintiff's prayer for a permanent injunction on grounds of mootness, *see* Doc. #31.

Defendants have objected to the former recommendation insofar as it recommends that their motion to dismiss/motion for summary judgment should be denied as to the federal

---

[1]The court previously adopted the Magistrate Judge's recommendation that the court deny plaintiff's request to hold various "JCCC officials" in contempt. See Doc. #39.

retaliation claim. Plaintiff has filed objections to both recommendations.² Therefore, these matters are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(C).

With respect to the Magistrate Judge's recommendation that plaintiff's claims under the Oklahoma Constitution be dismissed, the court adopts the recommendation for substantially the reasons stated by the Magistrate Judge. There is no Oklahoma authority suggesting it would recognize a private right of action for violations of Art. 2, § 3.

Further, as to the provision of Oklahoma law which most closely approximates the claim plaintiff seeks to assert here—a Burk tort or something akin to it—the Oklahoma courts have limited that tort to situations where there are otherwise inadequate remedies. *See e.g.,* Reynolds v. Advance Alarms, Inc., 232 P.3d 907, 909 (Okla. 2009). Here, given the parallel nature of the state and federal constitutional language, and the availability of a federal remedy per § 1983 to remedy any violation, it appears Oklahoma would not allow a Burk tort based on Art. 2, § 3. In sum, the court adopts the report and recommendation insofar as it rejects a claim under the Oklahoma state constitution.

As to the remaining federal claim, the Magistrate Judge recommended that it should not be dismissed. When considering a Rule 12(b)(6) motion, all well-pleaded factual allegations in the complaint are accepted as true and those allegations, and any reasonable inferences that might be drawn from them, are construed in the light most favorable to the

---

²*Plaintiff was given two separate extensions of time to file objections to the respective reports and recommendations, see Doc. Nos. 37 & 41, and has done so. In conjunction with his objections, plaintiff filed a motion to file them out of time. To the extent that such a motion is necessary, the motion [Doc. #42] is **GRANTED**.*

nonmoving party. The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff must "frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 550 U.S. at 556). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

Here, even after giving plaintiff the benefit of the deferential review warranted by his *pro se* status,³ the facts alleged in his complaint do not move plaintiff's § 1983 retaliation claim "across the line from conceivable to plausible." Id. at 570. Plaintiff generally asserts that the defendants deprived him of his asthma medication in retaliation for him filing medical grievances, but he fails to sufficiently allege how any particular defendant took part in the alleged retaliation. At most, plaintiff's complaint makes brief reference to actions taken by some individual defendants, but neither the improper nature of those actions nor the impact they had, if any, is clear from the present submissions. Plaintiff contends the defendants' actions amount to improper conduct. But simply labeling a defendant's actions as improper does not make them so. Such conclusory statements are essentially legal conclusions. As Twombly and Iqbal make clear, a court is not bound to accept legal

---

³*Pro se pleadings are construed liberally. See Ledbetter v. City of Topeka Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).*

3

conclusions couched as factual allegations. *See* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

With regard to the second recommendation [Doc. #31], the Magistrate Judge previously took judicial notice that plaintiff was transferred from the LCF, and therefore recommended that plaintiff's claim for injunctive relief be dismissed as moot. The court concurs. *See* Mitchell v. Estrada, 225 Fed. Appx. 737, 741 (10th Cir. 2007) ("An inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief related to conditions of confinement.") (citing Green v. Branson, 108 F.3d 1296, 1299-1300 (10th Cir. 1997)).

Accordingly, the court **GRANTS** defendants' motion to dismiss plaintiff's complaint for failure to state a claim [Doc. #26] and the complaint is **DISMISSED**. Plaintiff is granted leave to amend his complaint as to his purported federal claim, if he can do so, **within thirty (30) days** from entry of this order. The court **ADOPTS** Magistrate Judge Bacharach's second Report and Recommendation [Doc. #31], and **DENIES** as moot plaintiff's request for an injunction.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE